UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK LINDSAY WILSON,<br><br>        Appellant,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>        Appellee. | Case No. 15-cv-02028-VC<br><br>**ORDER TO SHOW CAUSE** |

      The government is ordered to show cause why it and its attorneys should not be sanctioned under Fed. R. Civ. P. 11 for its litigation conduct in this appeal and the related appeal, No. 15-cv-01448-VC. *See, e.g.*, *Mattingly v. United States*, 939 F.2d 816, 818-19 (9th Cir. 1991).

      The IRS seized funds from Wilson in 2014 to satisfy penalties for two violations – his failure to pay taxes in April 2009 and his failure to file a tax return in October 2009. Wilson filed an action in the bankruptcy court challenging the government's conduct. Specifically, he filed a 26 U.S.C. § 7433(e) petition for damages, costs, and attorney's fees to redress the government's allegedly willful violation of 11 U.S.C. § 524, claiming that these tax penalties had been discharged by his Chapter 7 bankruptcy. In the bankruptcy court, the government eventually conceded that the failure-to-pay penalty had been discharged, but continued to argue that the failure-to-file penalty had not. The bankruptcy court disagreed with the government, concluding that the failure-to-file penalty had been discharged as well, and ordering the government to return the money to Wilson. Later, however, the bankruptcy court denied Wilson's request for attorney's fees.

The government appealed the bankruptcy court's ruling in favor of Wilson on the merits, and this Court ruled in favor of the government, agreeing with the government that the bankruptcy court erred in concluding that the failure-to-file penalty had been discharged. Meanwhile, Wilson appealed from the bankruptcy court's denial of his motion for attorney's fees. He argued that his success in the proceedings below entitled him to fees, and that even if the government prevailed in its appeal on the failure-to-file issue, he still had won handily on the failure-to-pay issue, which involved most of the money the IRS was seeking to collect. The government responded to this appeal by arguing there is no jurisdiction because Wilson has not exhausted his administrative remedies.

It appears that the government has spoken out of both sides of its mouth in these appeals regarding the question of jurisdiction. In the merits appeal, in which the government sought a favorable ruling on the merits from this Court on the failure-to-file issue, the government asserted that this Court had jurisdiction, and made no mention of Wilson's failure to exhaust his administrative remedies before bringing suit in bankruptcy court under 26 U.S.C. § 7433(e). In this appeal involving attorney's fees, in which the government seeks to prevent an unfavorable ruling from this Court, the government now asserts that this Court lacks jurisdiction because Wilson failed to exhaust his remedies before bringing suit in bankruptcy court.

At oral argument, when asked to explain these apparently inconsistent positions, the United States Attorney's Office argued that there is, in fact, jurisdiction over the merits appeal but not the fee appeal, for the following reasons: (i) the merits appeal is from a declaratory judgment ruling by the bankruptcy court; and (ii) there is no exhaustion requirement for a taxpayer who seeks a declaratory judgment as opposed to damages. But this mischaracterizes what happened in the bankruptcy court. After the IRS seized Wilson's funds, Wilson did not merely file a declaratory judgment action in the bankruptcy court. He filed a section 7433(e) petition in which he sought three things – a declaration that his debts had been discharged, damages for the IRS's violation of the bankruptcy court's discharge order, and costs and attorney's fees. The bankruptcy court ruled in Wilson's favor on the first two of these issues, and

ordered the government to pay damages to Wilson.  The government appealed from the ruling ordering the government to pay damages, seeking reversal on the merits.  If Wilson failed to exhaust his administrative remedies before obtaining this award, then the bankruptcy court didn't have jurisdiction to enter it.  And if the bankruptcy court didn't have jurisdiction to enter the award, it is difficult to see how this Court could have had jurisdiction to review it.

In addition to being counterintuitive and likely wrong, the government's position on jurisdiction at oral argument (namely, that there was jurisdiction over the merits appeal but not the fee appeal) appears to contradict numerous previous assertions the government has made in these proceedings.  For example, in its briefing before the bankruptcy court, the government argued: "this court lacks subject matter jurisdiction over this matter because [Wilson] failed to exhaust administrative requirements with the IRS . . . .  Accordingly, *this case* should be dismissed, without prejudice, for lack of subject-matter jurisdiction."  Dkt. 4-19 at 1 (emphasis added).  The government further opined that "[b]efore bringing *a suit* against the United States for costs, damages, and/or attorney's fees, [Wilson] must demonstrate that the United States has waived its sovereign immunity regarding *this suit*.  He has failed to do so and, as a result, *this action* should be dismissed, without prejudice."  *Id.* at 3 (emphases added).  In making these arguments, the government relied on the general proposition that "a plaintiff must exhaust administrative requirements with the IRS under 7433(e) before *bringing suit* against the United States."  *Id.* at 5 (emphasis added).[1]

Similarly, in response to this Court's request for further briefing on the issue of exhaustion in the fee appeal (after the Court decided the merits appeal), the government asserted that "Wilson failed to exhaust administrative remedies because he did not file a proper administrative claim with the IRS and because he did not wait the required period before filing *this suit*.  Accordingly, the United States has not waived sovereign immunity and the Court lacks subject-matter jurisdiction over *this suit* for damages and/or attorney's fees."  Dkt. 10 at 1

---

[1] The bankruptcy court did not address the government's exhaustion arguments.

(emphases added). The government further explained its view that, "[b]efore *bringing suit* against the United States for costs, damages, and/or attorney's fees in bankruptcy court for an alleged violation of a bankruptcy discharge order, a debtor must exhaust administrative remedies under both 26 U.S.C. § 7433 . . . and 26 U.S.C. § 7430." *Id.* at 1 (emphasis added). The government then explained that since "Wilson has failed to satisfy administrative remedies under Sections 7433 and 7430 of the Internal Revenue Code because (1) he failed to submit a proper administrative claim to the IRS and (2) failed to wait the required period *before filing this suit* for damages and/or attorney's fees with the bankruptcy court," "the United States has not waived sovereign immunity and the Court lacks subject matter jurisdiction." *Id.* at 2, 4 (emphasis added).

Therefore, even if the government's assertion at oral argument was correct that there is no exhaustion requirement for pure declaratory relief actions in the bankruptcy court, it seems clear that Wilson was required to exhaust administrative remedies before seeking the order that he sought (and obtained) from the bankruptcy court under section 7433(e). In other words, the numerous statements by the government quoted in the preceding two paragraphs seem to apply equally to the merits appeal and the fee appeal, because the merits appeal was from an order awarding Wilson damages. If Wilson did not satisfy the statutory exhaustion requirements, the bankruptcy court lacked jurisdiction to enter the merits order, and this Court lacked jurisdiction to entertain an appeal from that order on the merits. The Court does not understand the basis for the government's argument to the contrary at the hearing.

The government may be correct that it can raise sovereign immunity at any point in these proceedings without fear of waiving that jurisdictional issue. *See, e.g.*, *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1090 (9th Cir. 2007). But that does not necessarily mean it is permissible for an attorney representing the government to conceal a possible lack of jurisdiction to gain a tactical advantage in litigation. *Cf. Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 621 (2002) (citing *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 393-94 (1998) (Kennedy, J., concurring)). This is particularly true when the government simultaneously

seeks a favorable ruling in a related appeal based on lack of jurisdiction. It appears the government's conduct was misleading, wasteful of the Court's resources, and unfair to the other side, in a way that appears to be within the ambit of Rule 11.

Accordingly, within 14 days of this order, the government must file a brief, not to exceed 10 pages, showing why the Court should not sanction it and its attorneys for this conduct. The Court will hold a hearing on this Order to Show Cause on April 7, 2016, at 10am.

**IT IS SO ORDERED.**

Dated: February 22, 2016

_____
VINCE CHHABRIA
United States District Judge